UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



UNITED STATES OF AMERICA,

-against-

GUIDO CUEVAS,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 5638 (LAK)
[S7 03 Cr. 1315 (LAK)]

## ORDER

LEWIS A. KAPLAN, *District Judge.*

       The defendant was convicted in 2005 by a jury of conspiracy to distribute and possess with intent to distribute 5 kilograms and more of cocaine, attempting to distribute and possess with intent to distribute 5 kilograms and more of cocaine, conspiracy to commit robbery, and possessing a handgun in furtherance of the robbery conspiracy and sentenced principally to a term of imprisonment of 188 months on each of counts 1 through 3 and 60 months on count 4, the term on count 4 to run consecutively to the term on counts 1 through 3 for an aggregate term of 248 months. The judgment was affirmed on appeal, *United States v. Cuevas,* No. 05-3950-cr (2d Cir. Nov. 29, 2006), and certiorari was denied.

       In June 2008, Cuevas moved for relief under 28 U.S.C. § 2255. The Court held an evidentiary hearing on the motion on January 20, 2009 at which Cuevas was present. After hearing evidence, the Court in open court denied the Section 2255 motion and stated that it would enter a written order, which it did the following day. DI 139.

       Cuevas now moves, pursuant to Fed. R. App. P. 4(a)(6), to reopen the time to file an appeal from the January 20, 2009 order, which he persists in his papers in stating was entered on January 20, 2010. He contends that he did not receive notice of the entry of the order until he "just received for the first time from his former attorney . . . a letter dated March 5, 2010 and post-marked June 17, 2010, that he received on June 21, 2010, notifying him that his § 2255 had been denied on January 20, 2010."[1] DI 142, at 2.

       Fed. R. App. P. 4(a)(6) permits, but does not require, a district court to reopen the time within which to file an appeal "but only if all the following conditions are satisfied:

---

[1]        The attorney letter referred to mistakenly states in the text that the § 2255 motion was denied on January 20, 2010. It encloses, however, the written order entered after the hearing, which is dated January 20, 2009 and recites that the motion had been denied in open court and on the record that day.

"(A)    the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

"(B)    the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

"(C)    the court finds that no party would be prejudiced."

Thus, even putting aside subsections 4(a)(6)(A) and (C), this motion is untimely unless it was filed within 180 days after entry of the judgment on January 21, 2009 or within 14 days after the moving party received notice, whichever is earlier.

The order from which Cuevas seeks to appeal was filed January 21, 2009.  The 180 day period thereafter expired in late July 2009.  As Cuevas' motion is dated December 28, 2010, it is deemed filed no earlier than that date even with benefit of the mailbox rule applicable to *pro se* prisoners.  Since July 2009 was the earlier of the 180 days following entry of the judgment and the fourteenth day after Cuevas received notice, Rule 4(a)(6)(B) is not satisfied.  The Court therefore lacks the power to reopen the time within which to file an appeal.

Even if the Court had the power to reopen, it would not do so in this case.  Even crediting Cuevas' unsworn claims concerning the date on which he received a copy of the January 20, 2009 order, the fact remains that he was in court and testified at the evidentiary hearing when the Court announced the decision, viz. that his Section 2255 motion was denied.  Tr., Jan. 20, 2009, *passim.*  There is no equitable reason to allow him now to claim a favorable exercise of discretion after waiting almost two full years after he heard his motion denied.

The motion [DI 142] is denied in all respects.

SO ORDERED.

Dated:        February 23, 2011

Lewis A. Kaplan
United States District Judge